UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA TULKA-DANIELSON | : | |
|     Plaintiff, | : | |
| | : | CASE NO.: 3:23-cv-01327-KAD |
| VS. | : | |
| | : | |
| DAVID THOMPSON, JR. | : | |
| ROBERT GOLDBERG | : | JANUARY 16, 2024 |
| ABEL DONKA | : | |
|     Defendants. | : | |

## MOTION TO AMEND COMPLAINT

The plaintiff, **Angela Tulka-Danielson**, in the above-entitled matter, hereby

moves to amend her complaint to reflect the recent Stipulation of Dismissal (Doc. 24)

against Bruce Cooper and Pamela Manthos. The Amended Complaint also clarifies the

plaintiff's disabilities as real and/or perceived in paragraphs four and eight in the newly

enumerated Counts One through Twelve. The amendments relate back to the original

claims and will not prejudice the defendants at this stage of the proceedings. The

Amended Complaint is attached hereto.

                RESPECTFULLY SUBMITTED
               THE PLAINTIFF, ANGELA TULKA-
               DANIELSON

BY:    /s/  *John E. Sheer*
           John E. Sheer, ct30002
           Lorenzo J. Cicchiello, ct09277
           Cicchiello & Cicchiello, LLC
           582 West Main Street
           Norwich, CT 06360

860.886.9300 phone
860.886.5963 fax
john.cnc.attorneys@gmail.com
lorenzo.cicchiello@yahoo.com

## **CERTIFICATION**

I hereby certify that on January 16, 2024 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

Glen A. Duhl, Esq.
Zangari Cohn Cuthbertson Duhl & Grello PC
59 Elm Street, Suite 400
New Haven, CT 06510
gduhl@zcclawfirm.com

/s/   *John E. Sheer*
ct30002

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGELA TULKA-DANIELSON | : | |
|     Plaintiff, | : | |
| | : | CASE NO.: 3:23-cv-01327-KAD |
| VS. | : | |
| | : | |
| DAVID THOMPSON, JR. | : | |
| ROBERT GOLDBERG | : | JANUARY 16, 2024 |
| ABEL DONKA | : | |
|     Defendants. | : | |

**<u>AMENDED COMPLAINT</u>**

**<u>COUNT ONE</u>: <u>As to Dr. Thompson, Age Discrimination – State Law Claims</u>**

1.      At all times mentioned herein, the **plaintiff**, **Angela Tulka-Danielson**, was and is a resident of the town of Uncasville, county of New London and state of Connecticut.

2.      At all times mentioned herein, the **defendant, David D. Thompson, Jr.,** was a resident of the town of Niantic, county of New London and state of Connecticut, and operated a medical practice Drs. Thompson and Linden d/b/a Drs. Thompson, Cooper, Goldberg, Donka and Manthous, located at 22 West Main Street in Niantic, Connecticut. At all times mentioned herein, the defendant employed at least twenty (20) employees.

3.      On or about April 10, 2006, the plaintiff was hired by the defendant as a medical assistant.

4.      From 2019, the plaintiff endured a course of discrimination and harassment by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to

plaintiff based on her age and real and/or perceived mental disorders. As of April 2019, the plaintiff was forty-four years of age and suffered from anxiety, obsessive-compulsive disorder (OCD), and post-traumatic stress disorder (PTSD). The plaintiff's mental health conditions were severe, requiring ongoing medical treatment, and significantly limiting one or more of the plaintiff's major life activities. However, the plaintiff was still able to perform the essential functions of her position in a satisfactory and capable manner.

5.      Since 2019, Inniya Gils, a medical assistant, would yell at the plaintiff every Friday for assisting patients from the front desk to the check-in rooms to obtain vital signs. Ms. Gils would not yell at younger co-workers without real and/or perceived disabilities. On or about Friday, April 8, 2022, Inniya Gills physically invaded the plaintiff's space, getting uncomfortably close to the plaintiff's face, to yell at the plaintiff for checking-in the defendant's patients. Ms. Gill ordered the plaintiff to go to the back of the office. The plaintiff was so upset by this encounter that she needed to leave work. The plaintiff reported Inniya Gils' actions to the office manager, Kathy McInerney. The plaintiff also provided notice before leaving work early for the day.

6.      On or about April 11, 2022, the plaintiff and her husband complained to the defendant about Inniya Gils' conduct towards the plaintiff. The plaintiff reported that Ms. Gills makes ageist remarks, such as "you are old like the furniture," to the plaintiff on a regular basis. The plaintiff also told the defendant that Ms. Gils falsely reports to the office manager that the plaintiff arrives late and leaves early on Fridays when the office manager is not at work. Despite plaintiff's complaints, the defendant did nothing to assist the plaintiff.

7.      The plaintiff's co-workers would routinely sign-in to the defendant's computer system

under the plaintiff's name and enter patient information, making errors which would result in discipline against the plaintiff. On or about July 26, 2022, Inniya Gils made an error about a patient's bloodwork while signed-in under the plaintiff's name, causing the plaintiff to be disciplined for the error. The plaintiff complained about this practice to the defendant, but the defendant did nothing to correct the problem. The plaintiff's co-workers received no discipline for their actions against the plaintiff.

8.      On or about October 28, 2022, medical secretary, Melinda, referred to the plaintiff as "stupid" and called the plaintiff a "bitch" because the plaintiff could not read a patient's name on a container. The defendant knew or should have known that the bullying, harassment, and abusive treatment by the defendant's staff would exacerbate the plaintiff's disabilities. However, the defendant failed to accommodate the plaintiff's disabilities by correcting the behaviors of the office staff and creating a safe work environment.

9.      Administrative assistant, Merin Motlz, has referred to the plaintiff as being "mentally ill" in front of other co-workers and office manager. Co-workers have also made comments such as "autistic people are highly intelligent, but you are not."

10.      On or about November 2, 2022, while the plaintiff was taking a patient's vitals, Kathy McInerney told the plaintiff to leave and not come back.

11.      The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her age in violation of Connecticut General Statutes § 46a-60(b)(1).

12.      The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and

Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity

Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal

complaints and has exhausted all administrative remedies having received a Release of

Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and

will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will

be deprived in the future of health and medical insurance benefits, retirement and pension

benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and

will continue to suffer in the future, emotional and psychological pain and suffering, mental

anguish, humiliation, embarrassment and low self-esteem.

**COUNT TWO: As to Dr. Thompson, Age Discrimination – Federal Law Claims**

1-10.   Paragraphs one through ten of Count One are incorporated herein and made

paragraphs one through ten of this Count Two as if fully set forth herein.

11.     The defendant discriminated against the plaintiff and constructively discharged the

plaintiff's employment because of her age in violation of the Age Discrimination in Employment

Act of 1967, 29 USC §621 et seq.

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and

Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity

Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal

complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT THREE**: **As to Dr. Thompson, Disability Discrimination – State Law Claims**

1-10.   Paragraphs one through ten of Count One are incorporated herein and made paragraphs one through ten of this Count Three as if fully set forth herein.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of Connecticut General Statutes § 46a-60(b)(1).

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT FOUR: As to Dr. Thompson, Disability Discrimination – Federal Law Claims**

1-10.   Paragraphs one through ten of Count One are incorporated herein and made paragraphs one through ten of this Count Four as if fully set forth herein.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT FIVE: As to Dr. Goldberg, Age Discrimination – State Law Claims**

1.     At all times mentioned herein, the **plaintiff**, **Angela Tulka-Danielson**, was and is a resident of the town of Uncasville, county of New London and state of Connecticut.

2.     At all times mentioned herein, the **defendant, Robert Goldberg,** was a resident of the city of New London, county of New London and state of Connecticut, and operated a medical practice Drs. Thompson and Linden d/b/a Drs. Thompson, Cooper, Goldberg, Donka and Manthous located at 22 West Main Street in Niantic, Connecticut. At all times mentioned herein, the defendant employed at least twenty (20) employees.

3.     On or about April 10, 2006, the plaintiff was hired by the defendant as a medical assistant.

4.     From 2019, the plaintiff endured a course of discrimination and harassment by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to plaintiff based on her age and real and/or perceived mental disorders. As of April 2019, the plaintiff was forty-four years of age and suffered from anxiety, obsessive-compulsive disorder (OCD), and post-traumatic stress disorder (PTSD). The plaintiff's mental health conditions were

severe, requiring ongoing medical treatment, and significantly limiting one or more of the plaintiff's major life activities. However, the plaintiff was still able to perform the essential functions of her position in a satisfactory and capable manner.

5.      Since 2019, Inniya Gils, a medical assistant, would yell at the plaintiff every Friday for assisting patients from the front desk to the check-in rooms to obtain vital signs. Ms. Gils would not yell at younger co-workers without perceived disabilities. On or about Friday, April 8, 2022, Inniya Gills physically invaded the plaintiff's space, getting uncomfortably close to the plaintiff's face, to yell at the plaintiff for checking-in the defendant's patients. Ms. Gill ordered the plaintiff to go to the back of the office. The plaintiff was so upset by this encounter that she needed to leave work. The plaintiff reported Inniya Gils' actions to the office manager, Kathy McInerney. The plaintiff also provided notice before leaving work early for the day.

6.      On or about April 11, 2022, the plaintiff and her husband complained to the defendant about Inniya Gils' conduct towards the plaintiff. The plaintiff reported that Ms. Gills makes ageist remarks, such as "you are old like the furniture," to the plaintiff on a regular basis. The plaintiff also told the defendant that Ms. Gils falsely reports to the office manager that the plaintiff arrives late and leaves early on Fridays when the office manager is not at work. Despite plaintiff's complaints, the defendant did nothing to assist the plaintiff.

7.      The plaintiff's co-workers would routinely sign-in to the defendant's computer system under the plaintiff's name and enter patient information, making errors which would result in discipline against the plaintiff. On or about July 26, 2022, Inniya Gils made an error about a patient's bloodwork while signed-in under the plaintiff's name, causing the plaintiff to be

disciplined for the error. The plaintiff complained about this practice to the defendant, but the defendant did nothing to correct the problem. The plaintiff's co-workers received no discipline for their actions against the plaintiff.

8.      On or about October 28, 2022, medical secretary, Melinda, referred to the plaintiff as "stupid" and called the plaintiff a "bitch" because the plaintiff could not read a patient's name on a container. The defendant knew or should have known that the bullying, harassment, and abusive treatment by the defendant's staff would exacerbate the plaintiff's disabilities. However, the defendant failed to accommodate the plaintiff's disabilities by correcting the behaviors of the office staff and creating a safe work environment.

9.      Administrative assistant, Merin Motlz, has referred to the plaintiff as being "mentally ill" in front of other co-workers and office manager. Co-workers have also made comments such as "autistic people are highly intelligent, but you are not."

10.     On or about November 2, 2022, while the plaintiff was taking a patient's vitals, Kathy McInerney told the plaintiff to leave and not come back.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her age in violation of Connecticut General Statutes § 46a-60(b)(1).

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of

Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT SIX:    As to Dr. Goldberg, Age Discrimination – Federal Law Claims**

1-10.   Paragraphs one through ten of Count Five are incorporated herein and made paragraphs one through ten of this Count Six as if fully set forth herein.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and

will be deprived in the future of substantial employment wages and earnings.

14.      As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.      As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT SEVEN: As to Dr. Goldberg, Disability Discrimination – State Law Claims**

1-10.   Paragraphs one through ten of Count Five are incorporated herein and made paragraphs one through ten of this Count Seven as if fully set forth herein.

11.      The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of Connecticut General Statutes § 46a-60(b)(1).

12.      The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.      As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.      As a further result of defendant's unlawful discrimination, the plaintiff has been and will

be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.    As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT EIGHT: As to Dr. Goldberg, Disability Discrimination – Federal Law Claims**

1-10.    Paragraphs one through ten of Count Five are incorporated herein and made paragraphs one through ten of this Count Eight as if fully set forth herein.

11.    The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

12.    The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.    As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.    As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT NINE: <u>As to Dr. Donka, Age Discrimination – State Law Claims</u>**

1.     At all times mentioned herein, the **plaintiff**, **Angela Tulka-Danielson**, was and is a resident of the town of Uncasville, county of New London and state of Connecticut.

2.     At all times mentioned herein, the **defendant, Abel Donka,** was a resident of the town of East Lyme, county of New London and state of Connecticut, and operated a medical practice Drs. Thompson and Linden d/b/a Drs. Thompson, Cooper, Goldberg, Donka and Manthous located at 22 West Main Street in Niantic, Connecticut. At all times mentioned herein, the defendant employed at least twenty (20) employees.

3.     On or about April 10, 2006, the plaintiff was hired by the defendant as a medical assistant.

4.     From 2019, the plaintiff endured a course of discrimination and harassment by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to plaintiff based on her age and real and/or perceived mental disorders. As of April 2019, the plaintiff was forty-four years of age and suffered from anxiety, obsessive-compulsive disorder (OCD), and post-traumatic stress disorder (PTSD). The plaintiff's mental health conditions were severe, requiring ongoing medical treatment, and significantly limiting one or more of the plaintiff's major life activities. However, the plaintiff was still able to perform the essential functions of her position in a satisfactory and capable manner.

5.      Since 2019, Inniya Gils, a medical assistant, would yell at the plaintiff every Friday for assisting patients from the front desk to the check-in rooms to obtain vital signs. Ms. Gils would not yell at younger co-workers without perceived disabilities. On or about Friday, April 8, 2022, Inniya Gills physically invaded the plaintiff's space, getting uncomfortably close to the plaintiff's face, to yell at the plaintiff for checking-in the defendant's patients. Ms. Gill ordered the plaintiff to go to the back of the office. The plaintiff was so upset by this encounter that she needed to leave work. The plaintiff reported Inniya Gils' actions to the office manager, Kathy McInerney. The plaintiff also provided notice before leaving work early for the day.

6.      On or about April 11, 2022, the plaintiff and her husband complained to the defendant about Inniya Gils' conduct towards the plaintiff. The plaintiff reported that Ms. Gills makes ageist remarks, such as "you are old like the furniture," to the plaintiff on a regular basis. The plaintiff also told the defendant that Ms. Gils falsely reports to the office manager that the plaintiff arrives late and leaves early on Fridays when the office manager is not at work. Despite plaintiff's complaints, the defendant did nothing to assist the plaintiff.

7.      The plaintiff's co-workers would routinely sign-in to the defendant's computer system under the plaintiff's name and enter patient information, making errors which would result in discipline against the plaintiff. On or about July 26, 2022, Inniya Gils made an error about a patient's bloodwork while signed-in under the plaintiff's name, causing the plaintiff to be disciplined for the error. The plaintiff complained about this practice to the defendant, but the defendant did nothing to correct the problem. The plaintiff's co-workers received no discipline for

their actions against the plaintiff.

8.      On or about October 28, 2022, medical secretary, Melinda, referred to the plaintiff as "stupid" and called the plaintiff a "bitch" because the plaintiff could not read a patient's name on a container. The defendant knew or should have known that the bullying, harassment, and abusive treatment by the defendant's staff would exacerbate the plaintiff's disabilities. However, the defendant failed to accommodate the plaintiff's disabilities by correcting the behaviors of the office staff and creating a safe work environment.

9.      Administrative assistant, Merin Motlz, has referred to the plaintiff as being "mentally ill" in front of other co-workers and office manager. Co-workers have also made comments such as "autistic people are highly intelligent, but you are not."

10.     On or about November 2, 2022, while the plaintiff was taking a patient's vitals, Kathy McInerney told the plaintiff to leave and not come back.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her age in violation of Connecticut General Statutes § 46a-60(b)(1).

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and

will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.     As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT TEN:  As to Dr. Donka, Age Discrimination – Federal Law Claims**

1-10.   Paragraphs one through ten of Count Nine are incorporated herein and made paragraphs one through ten of this Count Ten as if fully set forth herein.

11.     The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her age in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

12.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.     As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.     As a further result of defendant's unlawful discrimination, the plaintiff has been and will

be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.    As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT ELEVEN: <u>As to Dr. Donka, Disability Discrimination – State Law Claims</u>**

1-10.    Paragraphs one through ten of Count Nine are incorporated herein and made paragraphs one through ten of this Count Eleven as if fully set forth herein.

11.    The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of Connecticut General Statutes § 46a-60(b)(1).

12.    The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.    As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.    As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.    As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT TWELVE**: **As to Dr. Donka, Disability Discrimination – Federal Law Claims**

1-10.    Paragraphs one through ten of Count Nine are incorporated herein and made paragraphs one through ten of this Count Twelve as if fully set forth herein.

11.    The defendant discriminated against the plaintiff and constructively discharged the plaintiff's employment because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

12.    The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on July 14, 2023 and EEOC on August 3, 2023.

13.    As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

14.    As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

15.    As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental

anguish, humiliation, embarrassment and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1.      Just, fair and reasonable damages;

2.      Allowable costs;

3.      Attorney's fees;

4.      Such other further relief as the court deems appropriate;

5.      A trial by jury.

                        RESPECTFULLY SUBMITTED
                        THE PLAINTIFF, ANGELA TULKA-DANIELSON

                        BY:     /s/  *John E. Sheer*
                                John E. Sheer, ct30002
                                Lorenzo J. Cicchiello, ct09277
                                Cicchiello & Cicchiello, LLC
                                582 West Main Street
                                Norwich, CT 06360
                                860.886.9300 phone
                                860.886.5963 fax
                                john.cnc.attorneys@gmail.com
                                lorenzo.cicchiello@yahoo.com